UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

Plaintiff,

v.

A-Z LOGISTICS, LLC,

Defendant.

No.  2:25-cv-02137-DC-SCR

ORDER VACATING F&R AND EXTENDING TIME FOR SERVICE

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  *See* ECF No. 13.  On January 6, 2026, the Court issued an Order to Show Cause (OSC) directing Plaintiff to show cause why the action should not be dismissed for failure to effect service.  ECF No. 14.  Plaintiff did not respond, and on February 9, 2026, the Court issued Findings and Recommendations (F&R) recommending that the action be dismissed for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m).  ECF No. 15.

On February 20, 2026, Plaintiff filed timely objections to the F&R.  ECF No. 16.  Plaintiff states he did not receive the OSC, although he has "no explanation as to why," because his address is correct.  *Id.* at ¶ 2.  Plaintiff further explains efforts that have been made at effecting service.  *Id.* at ¶¶ 6-11.  The Court finds Plaintiff's filing demonstrates good cause to extend the time for service.  Accordingly, pursuant to Rule 4(m) the Court will extend the time for service and will vacate the F&R.

1

Plaintiff's objections also state that he may seek permission to serve by publication. ECF No. 16 at ¶ 13. A motion for service by publication must be supported by an affidavit that demonstrates the party to be served cannot with reasonable diligence be served in another manner. *See Hernandez v. Srija, Inc.*, 2019 WL 4417589, *2 (N.D. Cal. Sept. 16, 2019), citing Cal. Civ. Proc. Code § 415.50(a). "California courts have consistently held that service by publication is a last resort." *Prime Ins. Co. v. Liuhe Weiye Inc.*, 2025 WL 3718377, *4 (C.D. Cal. Oct. 2, 2025) (citing cases). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Id.*, citing *Watts v. Crawford*, 10 Cal.4th 743, 749 n. 5 (1995). If Plaintiff chooses to pursue such motion, it must demonstrate reasonable diligence and exhaustive attempts at service through other means. *See Rodriguez v. Oracles of Truth*, 2023 WL 8375613, *4 (E.D. Cal. Sept. 20, 2023) (denying motion for service by publication and stating: "Because plaintiff has not shown that she exhausted other means to locate and serve defendant, she has not shown the diligence required by due process before opting for the 'last resort' of service by publication.").

Accordingly**, IT IS HEREBY ORDERED** that:

1. The Court's prior F&R (ECF No. 15) is VACATED.

2. The deadline for Plaintiff to effect service is extended for **30 days** from the date of this Order. Within 30 days, Plaintiff shall file a return/proof of service. Alternatively, if Plaintiff cannot serve Defendant despite reasonable diligence, Plaintiff may file a motion for service by publication.

3. If Plaintiff does not respond to this Order as set forth herein, the Court will recommend dismissal of the action. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

SO ORDERED.

DATED: March 2, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2